CITY OF FORT WORTH, TEX.
v.
UNITED STATES.
No. 14732.

United States Court of Appeals,
Fifth Circuit.
May 6, 1954.

R. E. Rouer and S. G. Johndroe, Jr., Ft. Worth, Tex., Robert R. Goodrich, Ft. Worth, Tex., of counsel, for appellant.

A. W. Christian, Asst. U. S. Atty., Ft. Worth, Tex., Perry W. Morton, Asst. Atty. Gen., Dept. of Justice, Roger P. Marquis, John C. Harringon, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal by the City of Fort Worth from a judgment entered in a condemnation proceeding by the United States, wherein the latter acquired the fee simple title to a portion of Hemphill Street, which had been for years one of the main arteries of traffic through the city. On a former appeal, this court re-versed a substantial judgment for the city wherein it claimed that the trial court had misapplied the law and rendered a patently insufficient award for the just compensation due it. 5 Cir., 188 F.2d 217. Upon the second trial, judgment for one dollar was entered on a jury verdict, and the city has again appealed.

There are ten statements of points or specifications of error set forth by the appellant on this appeal, and every one of them seems to us to be meritorious except the one respecting the waiver of a jury trial as to the amount of just compensation due the city. Nearly all of said points are with reference to alleged errors committed by the court below in failing to observe the law of the case as announced by this court on the former appeal. All questions of law and fact except the amount of damages due the city were settled in former proceedings or on the appeal of this case from the judgment in the first trial; yet the court below, on the second trial, left it to the jury to determine whether the city had a legal obligation to furnish any additional substitute facilities for that portion of Hemphill Street that was taken by the United States. It refused the city's requested charges 1, 2, 3, 5, and 6 with reference to the amount of money that the city was entitled to recover. The correctness of these instructions per se is beyond question, and the verdict demonstrates that the jury was badly in need of additional explanatory charges as to the law with reference to the amount that the city was entitled to recover as damages.

We held on the former appeal that the city was entitled to an award sufficient to provide such traffic facilities as were necessary to restore its entire adjacent system of such facilities to the same status of utility as was enjoyed prior to the taking; that nearby facilities were entitled to no weight other than such as might be proper to determine the extent to which their presence would withdraw traffic from the condemned highway even if it were still in use, or to the ex-

tent that, by improvement or betterment, they might properly be made to provide adequate substitute facilities; that the true test is not whether the substitute facilities already in existence will carry the traffic, diverted and non-diverted, but rather what compensation is necessary to enable the city to provide a facility that will carry the entire load in an equally adequate manner as would have been true had there been no condemnation; that it will not at all do to say that, in determining the cost of providing any necessary substitutes, an award in condemnation may be denied because there are already in existence other available routes which will in some fashion handle the traffic diverted by the condemnation; and that the cost of adequate substitute facilities to be so computed is proper whether such sum be more or less than the value of the street and the facilities taken. The opinion recognizes the duty of the municipality to provide for a necessary readjustment of its traffic facilities, and that the amount of compensation due it is the cost of the necessary substitute facilities. The only issue now is one of ascertaining fairly and impartially the correct amount with reasonable certainty.

Just compensation means a full and perfect equivalent for the property taken. The charge for appellee, above mentioned, which under the doctrine of the law of the case should not have been given, was as follows: "You are instructed that if the City of Fort Worth has failed to show by a preponderance of the credible evidence that it had a legal obligation to furnish any additional substitute facilities for that portion of Hemphill Street closed on July 9, 1947, that in such event you will find that the City of Fort Worth has suffered only nominal damages." The giving of this instruction was prejudicial and reversible error, because it shifted to the jury the determination of a legal question that was for the trial court, and which in fact had already been determined by this court on the former appeal.

The requested charges for appellant which, under the doctrine of the law of the case, should have been given but were refused by the court, were as follows:

### No. 1.

"You are instructed to determine the amount of money that would have been sufficient, on the 9th day of July, 1947, to have restored the traffic system of the City of Fort Worth, as near as reasonably possible to that state of utility which existed prior to the taking and condemnation of a portion of Hemphill Street."

### No. 2.

"You are instructed that the defendant, City of Fort Worth, is entitled to that sum of money which would have been sufficient, on the 9th day of July, 1947, to have enabled it to have provided facilities which would have carried the entire traffic load in a manner as equally adequate as would have been true had there been no taking and condemnation of a portion of Hemphill Street."

### No. 3.

"You are instructed that the defendant, City of Fort Worth, is entitled to that sum of money which would have been sufficient, on the 9th day of July, 1947, to have provided it such traffic facilities as would have restored its entire adjacent system of such facilities to the same state of utility as was enjoyed by it prior to the taking and condemnation of a portion of Hemphill Street."

### No. 5.

"You are instructed that in determining the amount of compensation which would have been required, as near as reasonably possible, to provide facilities which would have been adequate to restore the traffic system of the City of Fort Worth to that state of utility which existed prior to the taking and condemnation of a portion of Hemphill Street, you will take into consideration not only the traffic requirements as they existed on July 9, 1947, the date of taking and condemnation, but also those traffic re-

quirements which could have reasonably been anticipated in the future."

### No. 6.

"You are instructed that at the time a portion of Hemphill Street was taken and condemned, there was an obligation on the part of the petitioner, United States of America, to itself provide substitute facilities which would leave the traffic system of the defendant, City of Fort Worth, as ample and as near of equivalent sufficiency as reasonably practical to that which would have existed had Hemphill Street not been closed."

We think the above requested charges were sound in principle and more favorable to the city than the similar ones given by the court. On another trial they should be given. The issue for the jury is a difficult and complicated one unless fully and clearly stated to it by the court in explanatory instructions such as those above quoted. If they had been given, they would have been helpful to the jury in determining the only issue proper for its consideration, namely, the just compensation due the City of Fort Worth. The United States was in no position to question the property rights of the city in the condemned portion of Hemphill Street; but it did so, not in the pleadings, but in the argument. The attorney for the government made an argument that grazed the edge of being inflammatory, which alone almost constitutes reversible error. It should not happen again on a retrial of this case. The United States is proceeding in an orderly way to ascertain the amount justly due the city. The commissioners appointed by the court in the first trial fixed the damages at $463,834.29; the trial court awarded $134,690, and the government filed no appeal or cross-appeal. The jury has a delicate and important function to perform, and its equilibrium should not be prejudicially disturbed in any respect affecting its duty.

The verdict of one dollar, as nominal damages for closing one of the main traffic arteries of a great city, cannot be allowed to stand under the evidence in this case and in view of the errors of law above mentioned. A new trial will be granted before another jury unless both sides waive a jury or the trial court orders otherwise. See Rule 71A(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. For the errors of law above mentioned, the judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.