James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellant,

v.

Marion G. DENTON and Valedia W. Denton, d/b/a Marden Manufacturing Company, Appellee.

Nos. 15323, 15324.

United States Court of Appeals Fifth Circuit. July 22, 1955.

Stuart Rothman, Solicitor, Sylvia S. Ellison, Morton J. Marks, Attys., U. S. Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Atty., Birmingham, Ala., Miss Bessie Margolin, Asst. Solicitor Dept. of Labor, Washington, D. C., for appellant.

A. R. Surles, Jr., H. P. Trawick, Jr., Lakeland, Fla., for appellee.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

Actions brought by the Secretary of Labor under Section 16(c) of the Fair Labor Standards Act as amended, 29 U.S.C.A. § 216(c), to recover overtime compensation due under Section 7 of the Act, 29 U.S.C.A. § 207, to three former employees of the appellees, were tried to a jury which returned a general verdict for defendants, appellees. The questions on appeal are: (1) whether the district court erred in refusing to direct a verdict for the unpaid overtime compensation due one of the employees; and (2) whether the district court erred in refusing the plaintiff's request for a peremptory instruction that the employees were engaged in the production of goods for commerce.

As to two of the employees the appellant concedes that there was some dispute as to the exact number of weekly overtime hours worked, but as to the third employee, it insists that there is

no such dispute, nor indeed any factual question to be submitted to the jury. One of the defendants testified that he had looked for two of the employees on occasions when they were clocked in and supposed to be working and had found that they were not at the plant. The third employee he had never found absent. One of the two employees admitted to occasional absences for short periods of time, while the other denied being absent except when on business for the defendants obtaining material or supplies. As to all three employees, the defendants' manager, Mr. Keefer, testified that they sometimes, but not always, worked the number of hours punched on the clock, so that as to all three the defendants' records of hours kept was not accurate. We think that the testimony of the manager, Mr. Keefer, while weak and unsatisfactory, was enough to carry the issue to the jury as to the third employee.

■■■ On the issue of coverage, it is undisputed that, during the workweeks for which recovery is sought, the three employees were employed in producing machinery and spare parts for stock, a portion of which was subsequently sold and shipped to points outside the State of Florida. It is also undisputed that the portion of goods so sold and shipped in commerce was substantial; indeed, it represented approximately 70 per cent of appellees' total business. On the basis of these facts, the employees were engaged in the production of goods for commerce as a matter of settled law, and it was the duty of the district court to declare this conclusion to the jury. Evans v. Teche Lines, 5 Cir., 112 F.2d 933; City of Fort Worth, Tex. v. United States, 5 Cir., 212 F.2d 474. The Act is applicable to employees of producers

where, as here, the undisputed evidence showed that the products in question, or some unsegregated part thereof, were intended for commerce, and actually entered commerce in the regular course of business. See Russell Co. v. McComb, 5 Cir., 187 F.2d 524; Ivey v. Foremost Dairies, Inc., I.C.W.D.La., 106 F.Supp. 793, affirmed on this point, 5 Cir., 204 F. 2d 186; cf. Mabee v. White Plains Pub. Co., 327 U.S. 178, 66 S.Ct. 511, 90 L. Ed. 607.

■■ Upon appeal for the first time, appellees belatedly seek to invoke a new defense based on Section 7(f) of the Act, 29 U.S.C.A. § 207(f), which provides that no employer shall be deemed to have violated Section 7(a), which requires time and one-half for overtime

"if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by him in such workweek in excess of forty hours—(1) in the case of an employee employed at piece rates, is computed at piece rates not less than one and one-half times the bona fide piece rates applicable to the same work when performed during nonovertime hours * * *."

In addition to being raised too late, the evidence affirmatively shows that there was no such advance "agreement or understanding" as required by Section 7(f), and, hence, that said new defense is inapplicable.

The judgments are reversed and the causes remanded for further proceedings consistent with this opinion.

Reversed and remanded.